UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TINAMARIE MIZZERO, individually
and for others similarly situated,

                            Plaintiff,

v.                                                          1:23-CV-0548
                                                            (GTS/ML)
ALBANY MED HEALTH SYSTEM,

                            Defendant.
_____

APPEARANCES:                                OF COUNSEL:

JOSEPHSON DUNLAP, LLP                       ANDREW DUNLAP, ESQ.
  Counsel for Plaintiff                     MICHAEL JOSEPHSON, ESQ.
11 Greenway Plaza, Suite 3050               WILLIAM M. HOGG, ESQ.
Houston, TX 77046

ANDERSON ALEXANDER, PLLC                    WILLIAM CLIFTON ALEXANDER, ESQ.
  Co-counsel for Plaintiff                  AUSTIN W. ANDERSON, ESQ.
101 North Shoreline Boulevard, Suite 610    CARTER T. HASTINGS, ESQ.
Corpus Christi, TX 78401

HACKER MURPHY, LLP                          DAVID I. IVERSEN, ESQ.
  Local Counsel for Plaintiff
28 Second Street
Troy, NY 12180

BOND SCHOENECK & KING, PLLC                 MICHAEL D. BILLOK, ESQ.
  Counsel for Defendants
268 Broadway, Suite 104
Saratoga Springs, NY 12866

22 Corporate Woods Boulevard, Suite 501     ERIC M. O'BRYAN, ESQ.
Albany, NY 12211

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this overtime pay action pursuant to the Fair Labor Standards Act ("FLSA") filed by Tinamarie Mizzero ("Plaintiff") against Albany Med Health System ("Defendant"), is Plaintiff's motion for conditional certification and issuance of court-authorized notice pursuant to 29 U.S.C. § 216(b).  (Dkt. No. 39.)  For the reasons set forth below, Plaintiff's motion is denied.

## I.   RELEVANT BACKGROUND

### A.   Relevant Procedural History

Plaintiff filed her Complaint in this action on May 5, 2023, alleging claims for unpaid overtime under the FLSA on behalf of herself and others similarly situated.  (Dkt. No. 1.) She subsequently filed an Amended Complaint on May 8, 2023.  (Dkt. No. 7.)  On June 15, 2023, Defendant filed a motion to dismiss the Amended Complaint for failure to state a claim.  (Dkt. No. 26.)  On May 9, 2024, the Court granted that motion in part and denied it in part, dismissing without prejudice Plaintiff's claims that were based on allegations of pre- or post-shift work and the alleged time-rounding policy, but finding that Plaintiff's claims that were based on meal breaks could proceed.  (Dkt. No. 45.)  The Court additionally ordered that Plaintiff must file any motion to amend the Amended Complaint to correct the identified pleading deficiencies within thirty days of the date of the Decision and Order.  (*Id.*)

Pursuant to this Court's order, Plaintiff filed a motion for leave to amend the Amended Complaint on June 24, 2024.[1]  (Dkt. No. 52.)  On September 23, 2024, United States Magistrate Judge Miroslav Lovric granted Plaintiff's motion on the record following a hearing.  (Dkt. No. 61.)  Plaintiff filed the Second Amended Complaint on September 24, 2024.  (Dkt. No. 62.)

---

[1]    Plaintiff was granted an extension of time to file this motion.  (Dkt. Nos. 49, 50.)

B.      **Parties' Briefing on Plaintiff's Motion**

1.      **Plaintiff's Memorandum of Law**

Generally, in her motion, Plaintiff makes four arguments.  (Dkt. No. 39, Attach. 1.)  First, Plaintiff argues that Defendant's alleged automatic meal break deduction policy has unlawfully deprived Plaintiff and similarly situated patient care workers of overtime pay because they do not actually receive a bona fide meal period due to the requirement that they remain on-duty during their meal breaks.  (*Id.* at 19-20.)

Second, Plaintiff argues that the allegations and sworn testimony provided here regarding such meal break policy is sufficient to support both conditional certification and the issuance of Court-authorized notice to the putative collective members, and that recent case law involving similar or nearly identical circumstances further show that such relief is warranted here.  (*Id.* at 20-24.)  Plaintiff additionally clarifies that the group of persons for whom she is seeking notice in this case are "non-exempt workers with direct patient care responsibilities who worked for Albany Med in the State of New York. . . . who were subject to Albany Med's automatic meal deduction policies and time-rounding policies."  (*Id.* at 24.)

Third, Plaintiff argues that conditional certification for collective treatment should also be granted for her claim based on Defendant's time-rounding policy because the question related to such policy will apply equally to all putative collective members and will involve common evidence.  (*Id.* at 25-27.)

Fourth, as to the proposed notice itself, Plaintiff argues that (a) the form of that proposed notice is appropriate, (b) the 60-day opt-in period contained within the proposed notice is presumptively reasonable, (c) the initial notice should be sent by U.S. Mail, email, and by

posting a notice "in conspicuous fashion" in Defendant's break rooms, and a reminder notice

should be sent through U.S. Mail 30 days after the initial notice as a reminder to putative

members of the collective who have not returned a signed opt-in consent form by that time, and

(d) Defendant should be ordered to produce the names and contact information for the putative

collective members related to notice within ten days of entry of an order granting conditional

certification. (*Id.* at 27-30.)

### 2.   Defendant's Opposition Memorandum of Law

Generally, in opposition to Plaintiff's motion, Defendant makes four arguments. (Dkt.

No. 51, Attach. 8.) First, Defendant argues that, because Plaintiff's claims related to time-

rounding and pre- or post-shift work have been dismissed by a previous order of this Court, any

arguments related to those dismissed claims here are moot. (*Id.* at 15 n.2.)

Second, Defendant argues that Plaintiff has not shown that there was a common policy or

plan related to failing to pay employees for missed meal breaks. (*Id.* at 15-20.) More

specifically, Defendant argues that (a) Plaintiff's declaration is insufficient to show that she was

similarly situated to any other employee because she fails to provide any details regarding any

other employee and instead relies only on vague assertions of understaffing, and fails to show

that she has any knowledge as to whether other employees who worked through meal breaks

were not paid for that time, and (b) evidence provided on this motion demonstrates that

Defendant did not have a common policy or plan that resulted in a failure to compensate

employees for missed meal breaks because such evidence shows instead that there was a simple

process by which employees could report having worked through part or all of a meal break that

would override the automatic deduction and did not require supervisor approval. (*Id.*)

4

Third, Defendant argues that if, despite the above, the Court grants conditional certification, the requested collective should be narrowed to include only medical assistants in Endocrinology (the position Plaintiff held) who worked at Defendant's Albany Medical Center Hospital's South Clinical Campus (the location where Plaintiff worked, which is separate from the main hospital) in the three years prior to the date of filing of Defendant's motion to dismiss (which is June 15, 2023).  (*Id.* at 21-23.)  Defendant further states that, regarding notice, it does not object to providing names, addresses, emails, and dates of employment for the relevant putative collective members, but it does object to the production of telephone numbers as unnecessary under the circumstances.  (*Id.* at 23-24.)  Defendant also objects to the posting of a notice at Albany Medical Center Hospital because there is no proof that a significant number of the mailed or emailed notices would be undeliverable.  (*Id.* at 24.)

Fourth, as to the content of Plaintiff's proposed notice, Defendant objects to (a) the inclusion of references to time-rounding because that portion of Plaintiff's claim has been dismissed, (b) the scope of the purported collective, as was discussed above, and (c) inclusion of the term "blackballing" in section 5 of the notice because it is already noted that retaliation is not permitted.  (*Id.* at 24.)  Defendant lastly requests that a disclaimer be added to the notice and reminder notice "to make clear that the Court neither encourages nor discourages participation in the lawsuit."  (*Id.*)

### 3.      Plaintiff's Reply Memorandum of Law[2]

---

[2]      Plaintiff filed a consent motion on June 25, 2024, requesting permission to file a reply brief related to the relevant motion for conditional certification.  The motion to file a reply is granted and Plaintiff's reply will be considered here.  The Court notes, however, that a previous Text Order dated May 21, 2024, already permitted Plaintiff to file a reply by July 5, 2024.  (Dkt. No. 47 ["Any reply to this motion is due to be filed on or before 7/5/2024."].)

Generally, in her reply memorandum of law, Plaintiff makes three arguments.  (Dkt. No. 55.)  First, Plaintiff argues that her allegations are sufficient to warrant conditional certification because she is required to make only a "modest factual showing" at this early stage, which has been satisfied here by her declaration and the allegations in her Complaint in which she describes Defendant's unlawful policy of depriving its workers of wages through non-payment of automatically deducted meal breaks, time-rounding, and off-the-clock work.  (*Id.* at 6-9.)

Second, Plaintiff argues that Defendant's arguments to the contrary must be rejected at this stage of the proceedings because they would require the Court to weigh the evidence or draw conclusions on the merits, something which is not permitted related to conditional certification. (*Id.* at 9.)

Third, Plaintiff argues that her proposed notice should be approved, and particularly that the Court should (a) reject Defendant's attempt to erroneously narrow the putative collective, (b) order the production of telephone numbers and posting of a notice of this collective action at Defendant's facilities, and (c) find the three-year notice period to be from the date of Plaintiff's Complaint, not the filing of Defendant's motion to dismiss.  (*Id.* at 10-12.)

## II.    GOVERNING LEGAL STANDARDS

"Although they are not required to do so by the FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs."  *Myers*, 624 F.3d at 554 (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 [1989]).  Courts within the Second Circuit use a two-step method to determine whether such discretion is

6

warranted, one that the Second Circuit noted was not required by the FLSA or any Supreme Court precedent, but which is "sensible." *Myers*, 624 F.3d at 554-55.

"The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether an FLSA violation has occurred." *Myers*, 624 F.3d at 555. "The court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 [S.D.N.Y. 1997]). This "'modest factual showing' cannot be satisfied simply by 'unsupported assertions'"; "the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (quoting *Dybach v. State of Florida Dep't of Corrections*, 942 F.2d 1652, 1567 [11th Cir. 1991]; *Sbarro*, 982 F. Supp. at 261). When making this determination, "plaintiffs may rely on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members," and "'courts regularly rely on . . . hearsay statements in determining the propriety of sending notice.'" *Pauli v. Ollie's Bargain Outlet Inc.*, 22-CV-0279, 2023 WL 6037854, at *4 (N.D.N.Y. Sept. 15, 2023) (D'Agostino, J.). The burden at this stage remains low as a result of its purpose "'merely to determine *whether* 'similarly situated' plaintiffs do in fact exist.'" *Pauli*, 2023 WL 6037854, at *4 (quoting *Myers*, 624 F.3d at 555) (emphasis in original). "'[W]hile the burden of proof at the conditional certification stage is modest, it is not non-existent.'" *Pauli*, 2023 WL 6037854, at *4 (quoting *Jenkins v. TJX Cos. Inc.*, 853 F. Supp. 2d 317, 322 [E.D.N.Y. 2012]). However, at this first stage, "the court does not weigh the ultimate merits of the claims, resolve factual disputes, make credibility determinations, nor

decide substantive issues." *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 159-60 (N.D.N.Y. 2008) (Treece, M.J.).

It is not until the second stage that the district court will, "on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. "A defendant can then move to decertify the class 'if the record at step two reveals that the opt-in plaintiffs are not similarly situated to the named plaintiffs.'" *Davella v. Ellis Hosp., Inc.*, 20-CV-0726, 2024 WL 98352, at *1 (N.D.N.Y. Jan. 9, 2024) (D'Agostino, J.).

## III.   ANALYSIS

After careful consideration, the Court finds that Plaintiff's motion must be denied because she has failed to make even the modest threshold showing applicable here.

As an initial matter, in response to Plaintiff's motion, Defendant has presented evidence that it has a built-in policy that permits employees who work through all or part of their automatically deducted lunch break to have such deduction cancelled when clocking out of a shift, and that it has instructed and trained its employees on this policy.   (Dkt. No. 51; Dkt. No. 51, Attach. 2; Dkt. No. 51, Attach. 4.)  While this evidence arguably contradicts some of Plaintiff's assertions in her declaration and speaks to the merits of eventual certification of the proposed collective, the Court's role at this stage is not to resolve evidentiary disputes, but to determine whether Plaintiff has met her modest burden to show the existence of potential similarly situated persons subjected to a common plan or policy.  Whether the various patient care workers are actually similarly situated to Plaintiff in fact is a matter left to the second stage of the process.  *See Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 694 (N.D.N.Y. 2015)

(Hummel, M.J.; Suddaby, J.) (declining to consider defendants' affidavits suggesting that the proposed collective members were not similarly situated because weighing the credibility of conflicting evidence was not proper at the conditional certification stage of the two-stage process). Similarly, Defendant's reliance on *Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 27 F. Supp. 3d 313 (E.D.N.Y. 2014), for the proposition that an automatic deduction is an insufficient policy or plan to conditionally certify a collective is unavailing, because the findings cited from that case occurred in the context of the *second stage* of the certification process, after discovery had occurred, and it was noted that conditional certification had in fact previously been granted for that collective based on automatic meal break deductions. *Desilva*, 27 F. Supp. 3d at 319.

However, regardless of whether the Court considers Defendant's evidence, it finds that Plaintiff has failed to meet even the modest burden applicable to this first stage of the analysis. The Court's decision in *Boice* is particularly instructive here. In that case, which relied upon a single affidavit from a plaintiff, the Court noted that, "[a]lthough the undersigned recognized that the fairly minimal burden for preliminary certification does not necessarily require submission of affidavits from multiple employees, a plaintiff must still 'provide more than the uncorroborated statements of the single named Plaintiff to support the claim that there are other workers who were similarly situated to the Plaintiff for the purposes of an FLSA suit.'" *Boice*, 130 F.Supp.3d at 696. The Court noted specifically that the plaintiff's affidavit lacked any detail regarding the conversations he allegedly had with other coworkers, including the names or positions of those coworkers, the dates of those conversations, or what they talked about in any detail. *Id. Boice* therefore stands for the proposition that, where the evidence supporting a motion for preliminary

certification consists of a single plaintiff's affidavit, "more than 'mere allegations' [are required] to support the plaintiff's claim that he and other employees were subjected to a common policy or practice." *Id.* at 695 (collecting cases).

In this case, Plaintiff relies almost wholly on the allegations in her (as of the date of this Decision and Order) Second Amended Complaint and her declaration. She makes conclusory assertions that she and other patient care workers were subjected to the same practices or policies related to automatic meal breaks, pre/post-shift work, and time rounding, and states that her knowledge that such policies applied broadly to the relevant employees is rooted in (a) the fact that the ratio of patients to care workers is such that workers cannot take breaks and still cover patients as required, (b) the fact that it was "commonly understood" that meal breaks would be unpaid and workers were never told how to request payment for those if they worked through them, (c) her observations of other employees doing the same or similar work, working the same or similar hours, and being interrupted during meal breaks or working before clocking in or after clocking out, and (d) her discussions with other workers. (*See generally* Dkt. No. 39, Attach. 2.)

As in *Boice*, Plaintiff's declaration here contains little more than unsupported generalities and conclusory assertions without providing any detail to suggest that such allegations of the existence of a common policy or practice are supported. Plaintiff's vague references to observing and having discussions with coworkers without any detail regarding the identity, positions, or even general substance those conversations simply are not sufficient to meet even the modest burden here.

The list of cases Plaintiff cites in an attempt to persuade this Court to the contrary do not warrant a different outcome because they are easily distinguishable. The most notable of these,

10

*Davella v. Ellis Hospital, Inc.*, which Plaintiff specifically discusses in her memorandum, involved a situation in which the Court had information from multiple opt-in plaintiffs (not solely the named plaintiff) to support the existence of a common policy or plan. *Davella*, 20-CV-0726, 2023 WL 5367791, at *2 (N.D.N.Y. Aug. 21, 2023) (D'Agostino, J.) (discussing the circumstances of five opt-in plaintiffs in addition to the named plaintiff). *Davella* was therefore not a case in which the Court relied solely upon the named plaintiff's observations. Similarly, in *Colozzi v. St. Joseph's Hosp. Health Ctr.*, the Court found conditional certification warranted based on the affirmations of eleven plaintiffs. *Colozzi*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009) (Peebles, M.J.); *see also Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 445 (E.D.N.Y. 2014) (noting that declarations were submitted by the four named plaintiffs and two opt-in plaintiffs); *Gordon v. Kaleida Health*, 08-CV-0378, 2009 WL 3334784, at *1-2 (W.D.N.Y. Oct. 14, 2009) (noting that the six lead plaintiffs and two opt-in plaintiffs submitted affirmations in support of a common plan or policy with their initial memorandum, which were supplemented by forty-one additional affirmations when they filed their reply memorandum); *Fengler v. Crouse Health Found.*, 595 F. Supp. 2d 189, 190-91, 196 (N.D.N.Y. 2009) (Peebles, M.J.) (noting that affirmations were provided by the two named plaintiffs and three other individuals who consented to join). The evidence presented by Plaintiff in this case is simply not similar to the evidence presented in the cases relied upon by Plaintiff because she has offered nothing from other individuals to corroborate her allegations, and has failed to provide any relevant details

11

regarding the basis of her knowledge of a common plan or policy from which the Court could properly determine that such plan or policy exists.[3]

This is not to say that evidence from a single plaintiff can never suffice to meet the burden at the conditional certification stage; but such evidence must, as discussed above, consist of more than mere allegations and uncorroborated statements.  *See Peralta v. CB Hospitality and Events, LLC*, 22-CV-10805, 2024 WL 916523, at *7 (S.D.N.Y. Mar. 4, 2024) ("At the conditional certification stage, an FLSA plaintiff may rely on her observations of coworkers, or on conversations with those coworkers, but she 'must provide a minimum level of detail regarding the contents of those conversations or observations.'"); *Shibetti v. Z Restaurant*, 18-CV-0856, 2019 WL 11623937, at *3-4 (E.D.N.Y. Sept. 3, 2019) (noting that FLSA conditional certification requires a showing of "at least some level of factual detail with respect to similarly situated persons" and that "[d]espite the low evidentiary bar, courts have consistently denied conditional certification motions based entirely on conclusory statements," such as where plaintiff have failed to provide any details about observations or conversations, such as names, dates, or the circumstances under which they occurred).  Plaintiff's declaration does not cross that threshold in this case.

For the above reasons, the Court denies Plaintiff's motion for conditional certification and for notice to be issued to the putative collective.[4]

---

[3]    The Court is not persuaded by Plaintiff's citation to *Fang v. Zhuang*, 10-CV-1290, 2010 WL 5261197 (E.D.N.Y. Dec. 1, 2010), which appears to be an outlier in the relevant case law.

[4]    The Court notes that this denial applies to all aspects of Plaintiff's claims, including those based on pre/post-shift work and time-rounding that were previously dismissed but have since been amended with the permission of the Court in Plaintiff's duly filed Second Amended Complaint.

ACCORDINGLY, it is

ORDERED that Plaintiff's motion to file a reply brief (Dkt. No. 54) is **GRANTED**; and

it is further

ORDERED that Plaintiff's motion for conditional certification (Dkt. No. 39) is

**DENIED**.

Dated: September 30, 2024
        Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

13