UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TINAMARIE MIZZERO, Individually and for Others Similarly Situated, | **ELECTRONICALLY FILED** |
| Plaintiff, | Civil Action No. 1:23-cv-00548 (GTS/ML) |
| v. | |
| ALBANY MED HEALTH SYSTEM, | |
| Defendant. | |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Michael D. Billok, Esq.
Eric M. O'Bryan, Esq.
BOND, SCHOENECK & KING, PLLC
*Attorneys for Defendant*
268 Broadway, Suite 104
Saratoga Springs, New York 12866

18454214.v7-10/15/24

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL HISTORY AND RELEVANT FACTS........................................................... 1

      A.     Plaintiff's Original And First Amended Complaint .......................................... 1

      B.     Albany Med's Motion To Dismiss ..................................................................... 1

      C.     The Decision and Order on the Motion to Dismiss .......................................... 2

      D.     The Second Amended Complaint ..................................................................... 3

      E.     The Decision and Order on the Motion for Conditional Certification.............. 4

ARGUMENT ................................................................................................................................ 4

STANDARD OF REVIEW .......................................................................................................... 4

    POINT I    THE SECOND AMENDED COMPLAINT FAILS TO PLAUSIBLY
STATE UNPAID OVERTIME CLAIMS........................................................... 6

    POINT II   PLAINTIFF'S TIME RECORDS DO NOT SUPPORT HER UNPAID
OVERTIME CLAIMS ........................................................................................ 7

      A.     Plaintiff's Time Records Should Be Considered as Her Time Records
Have Been Incorporated By Reference and Are Integral to the Complaint...... 7

      B.     When Plaintiff's Time Records are Considered, Plaintiff's Allegations of
Improper Time Rounding and Off-The-Clock Work Cannot Be Accepted
As True............................................................................................................. 10

CONCLUSION........................................................................................................................... 12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*7 West 57th Street Realty Company, LLC v. Citigroup, Inc.*,
 314 F. Supp. 3d 497 (S.D.N.Y. 2018)......................................................................................7

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
 671 F.3d 140 (2d Cir. 2011)...................................................................................................10

*Arar v. Ashcroft*,
 585 F.3d 559 (2d Cir. 2009).....................................................................................................4

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).............................................................................................................4, 5

*Charter Communications, Inc. v. Local Union No. 3, International Brotherhood
 of Electricians*,
 338 F. Supp. 3d 242 (S.D.N.Y. 2018)......................................................................................7

*DiFolco v. MSNBC Cable L.L.C.*,
 662 F.3d 104 (2d Cir. 2010).....................................................................................................7

*EEOC v. Port Auth. of N.Y. & N.J.*,
 768 F.3d 247 (2d Cir. 2014).....................................................................................................5

*Fridman v. GCS Computers LLC*,
 No. 17 Civ. 6698, 2019 WL 1017534 (S.D.N.Y. Mar. 4, 2019) ...................................8, 9, 10

*Gregory v. Daly*,
 243 F.3d 687 (2d Cir. 2001).....................................................................................................5

*L-7 Designs, Inc. v. Old Navy, LLC*,
 647 F.3d 419 (2d Cir. 2011)...................................................................................................10

*Malkovskiy v. Shaw Group, Inc.*,
 No. 11-2227, 2012 WL 13034896 (D.N.J. June 29, 2012)......................................................9

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
 693 F.3d 145 (2d Cir. 2012)...................................................................................................10

*Palin v. New York Times Company*,
 940 F.3d 804 (2d Cir. 2019).................................................................................................8, 9

*Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*,
 507 F.3d 117 (2d Cir. 2007).....................................................................................................5

*Thompson v. ABVI Goodwill Servs.*,
   531 F. App'x 160 (2d Cir. 2013) ..............................................................................................5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).................................................................................................................5, 9

Fed. R. Civ. P. 12(c) ...................................................................................................................9, 10

**PRELIMINARY STATEMENT**

Defendant Albany Med Health System ("Albany Med") submits this Memorandum of Law in support of its motion to dismiss Plaintiff Tinamarie Mizzero's ("Plaintiff") Second Amended Complaint (Dkt. No. 62). For the reasons set forth below, the Second Amended Complaint ("SAC") fails to state a claim for her pre- and post-shift work and rounding policy claims, and thus, these claims should be dismissed.

**PROCEDURAL HISTORY AND RELEVANT FACTS**

A. Plaintiff's Original And First Amended Complaint

On May 5, 2023, Plaintiff filed the initial Complaint, alleging two causes of action for the failure to pay overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Dkt. No. 1. On May 8, 2023, Plaintiff filed an Amended Complaint. Dkt. No. 7. Plaintiff worked at Albany Med as a Medical Assistant from September 2019 to January 2023. Dkt. No. 7 at ¶¶ 14, 41. Plaintiff asserted three allegations in the Amended Complaint. First, she alleged that Albany Med automatically deducted thirty (30) minutes per shift from the employees' recorded hours worked for meal breaks but required employees to remain on duty and working throughout their shifts, subject to interruptions during their unpaid meal breaks. *Id*. at ¶¶ 20, 44, 50-59. Second, she alleged that Albany Med's policy of rounding time to the nearest quarter-hour violated the FLSA and NYLL. *Id.* at ¶¶ 60-61. And third, she alleged Albany Med required Plaintiff and the Putative Class members to perform "off the clock" work pre- and post-shift. *Id.* at ¶¶ 62-74.

B. Albany Med's Motion To Dismiss

Albany Med moved to dismiss Plaintiff's Amended Complaint on June 15, 2023, arguing that Plaintiff's allegations were vague and conclusory and thus were insufficient to plead a plausible claim under the FLSA and NYLL. Dkt. No. 26. Albany Med argued that Plaintiff's

1

cookie-cutter claims failed to provide sufficient detail about the length and frequency of her unpaid work to support a reasonable inference that she worked more than 40 hours in a week and failed to allege any uncompensated time in excess of the 40 hours which she allegedly worked. *Id.* at pp. 4-7. Albany Med further argued that Plaintiff failed to provide sufficient detail about the length and frequency of her unpaid work as required. *Id.* at pp. 7-8. Moreover, Albany Med argued that rounding to the quarter hour is generally legal, and Plaintiff failed to allege facts which established that the rounding policy was to Albany Med's benefit or resulted in a failure to compensate the employees properly for all of the time they actually worked. *Id.* at pp. 9-10.

      C.      <u>The Decision and Order on the Motion to Dismiss</u>

On May 9, 2024, this Court issued its Decision, granting in part Albany Med's motion to dismiss the Complaint, dismissing Plaintiff's pre- and post-shift work and rounding policy claims. Dkt. No. 45. The Court held that Plaintiff's Amended Complaint stated a claim upon which relief can be granted regarding meal breaks. *Id* at p. 8. However, the Court dismissed Plaintiff's overtime claims regarding pre- and post-shift work and Albany Med's rounding policy. *Id.* at pp. 16-18. Notably, the Court held that the Amended Complaint contained no allegation regarding the actual frequency with which Plaintiff's pre-shift work occurred, and that "vague words such as 'regularly' and 'routine' do not alone suffice to plausibly suggest that any such occurrences necessarily would have occurred within the same week as she worked her typical shift schedule." *Id.* at p. 16. Similarly, the Court held that Plaintiff's alleged uncompensated time was not likely to be documented in Albany Med's records, which raises greater concerns that a sparse pleading was simply a means by which to gain access to Albany Med's evidence in order to determine whether a claim might exist. *Id.* at 17. Finally, the Court held that Plaintiff offered no factual allegations which specifically indicated how Albany Med's rounding policy was to its benefit or resulted in

2

uncompensated time and therefore, "[s]uch a bare assertion does not suggest a plausible violation of the FLSA or NYLL." *Id.* at 17.

    D.    <u>The Second Amended Complaint</u>

On June 24, 2024, Plaintiff filed a motion for leave to amend the Amended Complaint. Dkt. No. 52. In her motion, Plaintiff alleged that Albany Med required her to arrive early but only clock in six to seven minutes before every shift, and work late but clock out six to seven minutes after every shift, as discussed in further detail below. Dkt. No. 52; Dkt. No. 58. While Magistrate Judge Lovric granted Plaintiff leave to file the Second Amended Complaint, Magistrate Judge Lovric (1) declined to consider Plaintiff's time records that Albany Med had provided with its opposition; and (2) took no position on how the Court might rule on a motion to dismiss. Dkt. No. 61.

Plaintiff then filed her Second Amended Complaint on September 24, 2024. *See* Dkt. No. 62. The SAC asserts eleven factual allegations in addition to the previously asserted allegations from the Amended Complaint. Dkt. No. 62. It alleges that Albany Med required Plaintiff to arrive about 20 to 30 minutes before her scheduled start times for each shift, but that she could only clock in within approximately 6 or 7 minutes of her scheduled start time. *Id.* at ¶¶ 64, 67. As a result, Plaintiff claims she worked an average of approximately 18.5 minutes of off-the-clock work before each shift.[1] *Id.* at ¶ 68. Plaintiff also alleges that Albany Med required her to clock out within 6 to 7 minutes of her scheduled shift end, but also required her to stay 15 to 30 minutes late after clocking out each shift to complete her work duties. *Id.* at ¶¶ 69-70. As a result, she claims that she worked approximately 16 minutes of post-shift off-the-clock work on average.[2] *Id.* at ¶ 73.

---

[1] Presumably, this comes from the difference between arriving at work an average of 25 minutes before shift, and clocking in an average of 6.5 minutes before shift.
[2] This amount likewise presumably comes from the difference between staying at work an average of 22.5 minutes after shift, and clocking in an average of 6.5 minutes after shift.

3

Plaintiff claims that these practices resulted in unpaid overtime wages, and that Albany Med's clock-in and clock-out practices, off-the-clock practices, and time rounding polices combine to ensure that Albany Med's uniform time-rounding system is non-neutral in application and results in her not being paid for all hours worked. Dkt. No. 62 at ¶ 75.

E. <u>The Decision and Order on the Motion for Conditional Certification</u>

On September 30, 2024, this Court issued a decision on Plaintiff's motion for conditional certification, denying Plaintiff's motion. Dkt. No. 63. Specifically, it held that Plaintiff failed to meet even her modest threshold burden to warrant conditional certification, noting that Plaintiff relied almost wholly on conclusory allegations in her declaration and Second Amended Complaint. *Id.* at pp. 8-9. Notably, this Court further held that Plaintiff's declaration contained little more than unsupported generalities and conclusory assertions without providing any details to support her conclusory allegations of the existence of a common policy or practice. *Id.* at p. 10. Accordingly, this Court denied Plaintiff's motion for conditional certification and for notice to be issued to the putative collective, noting that the Court's denial applied "to all aspects of Plaintiff's claims," including her claims "based on pre-post-shift work and time-rounding that were previously dismissed but have since been amended." *Id.* at p. 12. As a result, only Plaintiff's individual claims remain. *Id.* at pp. 12-13.

## ARGUMENT

## STANDARD OF REVIEW

For purposes of a motion to dismiss, the factual allegations in the complaint are generally accepted as true and all reasonable inferences are drawn in the light most favorable to the plaintiff. *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*

4

*v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The complaint "must at a minimum assert nonconclusory factual matter sufficient to 'nudge[] [its] claims' . . . 'across the line from conceivable to plausible' to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (citation omitted); *Thompson v. ABVI Goodwill Servs.*, 531 F. App'x 160, 161 (2d Cir. 2013) ("We ignore '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' which are not entitled to the presumption of truth; thereafter, we examine the complaint for facial plausibility") (citations omitted); *see also Gregory v. Daly*, 243 F.3d 687, 692 (2d Cir. 2001) ("a complaint consisting [only of] naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6).") (quoting *Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir. 2994)).

While highly "detailed factual allegations" are not mandatory, a complaint must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555.). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). A complaint must state a plausible factual basis supporting a claim for relief to survive a motion to dismiss. *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007)

("[C]omplaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion.").

## POINT I

## THE SECOND AMENDED COMPLAINT FAILS TO PLAUSIBLY STATE UNPAID OVERTIME CLAIMS

Plaintiff's allegations in the Second Amended Complaint are vague and conclusory as they allege, without any supporting details, that Albany Med "required," "instructed" or "expected" her to arrive approximately 20 to 30 minutes before her scheduled shift, and stay 15 to 30 minutes after shift, but only clock in and out within 6 to 7 minutes of the shift start or end time, resulting in off-the-clock and rounding claims. Dkt. No. 62 at ¶¶ 64, 68-75.

Plaintiff cannot simply vaguely assert without a single supporting detail that she was supposed to arrive early, stay late, or clock in at certain times; to nudge her claim from conceivable to plausible, she must assert some *facts* to support her claim. Simply put, her conclusory claim that she was "required," "expected" and/or "instructed" to report to work early and stay late, and use the timeclock only within 6 or 7 minutes of the start or end of shift, without providing any details about *how* she was supposedly required, expected or instructed to do so, renders these allegations implausible. Who gave Plaintiff such an instruction or knew she was performing such off-the-clock work? Plaintiff's failure to provide any detail regarding who required or instructed her to do so, when they did so, what they said, etc.—details that would be well within Plaintiff's knowledge had they occurred—demonstrates the implausibility of her claim. Indeed, the SAC alleges that Plaintiff "would" have an injury "if" she followed such alleged instructions, showing the speculative nature of her claims. *See* Dkt. No. 62 at ¶ 76.

Defendant notes that during oral argument before Magistrate Judge Lovric, Plaintiff's counsel argued that the SAC alleges that Plaintiff was not just instructed to, *but that she actually*

6

*did*, on average, arrive 25 minutes before shift, stay 22.5 minutes after shift, and clock in six to seven minutes before shift and six to seven minutes after each shift. And while the motion for leave to file the SAC was granted on the basis that Plaintiff sufficiently alleged that she actually worked on average 18.5 minutes of unpaid time before each shift and 16 minutes of unpaid time after each shift based on the off-the-clock and rounding allegations in the SAC, Albany Med maintains that these allegations are speculative and should be dismissed for the reasons stated above.

**POINT II**

**PLAINTIFF'S TIME RECORDS DO NOT SUPPORT HER UNPAID OVERTIME CLAIMS**

    A.    <u>Plaintiff's Time Records Should Be Considered as Her Time Records Have Been Incorporated By Reference and Are Integral to the Complaint</u>

If the Court does not dismiss the off-the-clock and time rounding claims on the basis that Plaintiff has sufficiently alleged she arrived to work on average 25 minutes before shift, left work on average 22.5 minutes after shift, and only clocked in 6 to 7 minutes before shift and clocked out 6 to 7 minutes after shift, Plaintiff faces another hurdle: her time records show that these allegations are bunk. And the Court may consider these time records as part of this Motion to Dismiss. A "[c]ourt may properly consider documents attached to the complaint as exhibits, incorporated by reference, or integral to the Complaint." *Charter Communications, Inc. v. Local Union No. 3, International Brotherhood of Electricians*, 338 F. Supp. 3d 242, n.3 (S.D.N.Y. 2018); *see also 7 West 57th Street Realty Company, LLC v. Citigroup, Inc.*, 314 F. Supp. 3d 497, n.2 (S.D.N.Y. 2018). Similarly, "[w]here a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 662 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). A

7

document is "deemed 'integral' to the complaint when the complaint 'relies heavily upon its terms and effect." *Palin v. New York Times Company*, 940 F.3d 804, 811 (2d Cir. 2019).

Here, Plaintiff has incorporated her time records by reference:

- Paragraphs 60, 137 and 150 of the SAC allege that Albany Med improperly rounds Plaintiff's "recorded time punches." Those "recorded time punches" are literally a document—Plaintiff's time record. Plaintiff cannot cite "recorded time punches" in her SAC and then contend that the record of such time punches is not referenced in the Complaint.

- Likewise, Paragraph 76 of the SAC refers to Plaintiffs' "recorded work time"— again, citing her time record.

In addition to the SAC's incorporation of Plaintiff's time records by reference, the newly revised improper rounding allegations make her time records integral to the Complaint. The crux of Plaintiff's rounding claim is that she was required to report to work on average 25 minutes before her shift, but only punched in 6 to 7 minutes before her shift, and that while she punched out 6 to 7 minutes after her shift, she worked on average 22.5 minutes after her shift. SAC ¶¶ 64-73. By these allegations, <u>Plaintiff has made the record of her time punches integral to her Complaint</u>. She cannot claim otherwise.

In a similar case, a plaintiff alleged a claim for FLSA off-the-clock work based on the allegation that he "would routinely work longer hours than which were listed on his pay slips." *Fridman v. GCS Computers LLC*, No. 17 Civ. 6698, 2019 WL 1017534, at *1 (S.D.N.Y. Mar. 4, 2019). The employer filed a motion to dismiss, and submitted plaintiff's timesheets along with its motion. In determining whether to consider the timesheets when deciding the motion to dismiss, the court stated as follows:

8

18454214.v7-10/15/24

> In his Amended Complaint, the Plaintiff (i) references the particular time period covered by the timesheets which alleges unpaid overtime, (ii) alleges that Defendants have the information regarding the actual hours worked and submitted by Plaintiff in their possession, and (iii) alleges that Defendants' failure to accurately record, report, and/or preserve records of its [sic] employees is sufficient to determine their wages, hours and other conditions and practice of employment in violation of the FLSA. (Amended Complaint ¶¶ 29-33, 36, 41).
>
> The Plaintiff cannot on one hand claim in his Amended Complaint that Defendants' records will establish the overtime hours worked, and then object to their production. Since the timesheets and the relevant time periods related thereto are referenced in the Amended Complaint, the time records are central and integral to the Amended Complaint and should be considered with the Dismissal Motion.

*Id*. at *4. Plaintiff, as did Fridman, argues that Albany Med's records will establish the overtime wages owed: "The back wages owed to Mizzero and the Putative Class Members will be calculated using the same records and using the same formula" (SAC at ¶ 111); "[T]he damages can be calculated by reference to Albany Med's records" (SAC at ¶ 123). As the court stated in *Fridman*, Mizzero "cannot on one hand claim in [her] Amended Complaint that [Albany Med's] records will establish the overtime hours worked, and then object to their production" in support of Albany Med's motion to dismiss. Accordingly, the Court should consider Plaintiff's time records as they are incorporated by reference and integral to the complaint. *See Palin*, 940 F.3d at 811; *Malkovskiy v. Shaw Group, Inc.*, No. 11-2227, 2012 WL 13034896, at *4 n.4 (D.N.J. June 29, 2012) (holding that plaintiffs' time and payroll records were integral to the amended complaint where the threshold question was whether deductions were made to plaintiffs' salary).[3]

---

[3] While the court analyzed plaintiffs' claims under Federal Rule of Civil Procedure 12(c), the court held that "[t]he standards governing Rule 12(c) motions are the same ones that govern motions to dismiss under Rule 12(b)(6)." *Malkovskiy*, No. 11-2227, 2012 WL 13034896, at *3.

9

B.     <u>When Plaintiff's Time Records are Considered, Plaintiff's Allegations of Improper Time Rounding and Off-The-Clock Work Cannot Be Accepted As True</u>

On a motion to dismiss, a court assumes all alleged facts to be true, unless they are "contradicted by more specific allegations or documentary evidence" that has been incorporated by reference to the complaint or is integral to the complaint. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (considering emails Defendant had included with its Answer and Counterclaims over Plaintiff's objection in determining Rule 12(c) motion, finding the emails "integral" to the complaint); *see also NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 149, n.1 (2d Cir. 2012); *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 147 (2d Cir. 2011).

Plaintiff now alleges that starting in October of 2022, she clocked in 6-7 minutes before her scheduled shift and 6-7 minutes after her scheduled shift. SAC ¶¶ 67, 69, 73, 76. But Plaintiff's actual "recorded time punches," *see* Ex. A to Castilla Decl., flatly contradict these allegations as discussed in further detail below. Therefore, the Court cannot accept these allegations as true. *L-7 Designs*, 647 F.3d 419 at 422; *Fridman*, 2019 WL 1017534, at *3 ("Plaintiff is therefore asking the Court to accept incorrect allegations as true, which is not the legal standard when deciding a motion to dismiss.").

*October and November 2022*

In the 27 workdays that Plaintiff worked in October and November 2022, <u>she clocked in over an hour before her shift on 22 of those days</u>, a far cry from the 6-7 minutes she alleges. *See* Ex. 1 to Billok Decl. There are no days in October and November 2022 where Plaintiff clocked in 6-7 minutes before her scheduled shift. *See id.* Indeed, every workday in October and November 2022, <u>Plaintiff clocked in at least 38 minutes before her scheduled 7:30 a.m. start time</u>. *See id.*

10

As for Plaintiff's clock-out times, she clocked out within 6-7 minutes of her 4 p.m. end time on just three occasions, clocking out 2 minutes (November 9, 2022), 1 minute (November 11, 2022) and 4 minutes (November 30, 2022) after the scheduled end of her shift. *See id.* On three other occasions (November 4, 18, and 29), Plaintiff clocked out <u>more than an hour *before* the end</u> of her scheduled shift. *See id.* In the 21 remaining workdays, Plaintiff worked in October and November, she clocked out anywhere from 11 minutes to 67 minutes after the end of her shift, clocking out at least a half-hour after her shift on 16 of those days. *See id.*

In sum, there is no day in October or November 2022 where Plaintiff either clocked in 6 or 7 minutes before her shift, or clocked out 6 or 7 minutes after her shift, as she alleges in the Second Amended Complaint. And when comparing her minute-to-minute time punches to the time rounding, the difference is in Plaintiff's *favor*, at 0.8 of an hour (i.e. 48 minutes). *See* Ex. 1 to Billok Decl.

*December 2022 and January 2023*

In December 2022 and January 2023, Plaintiff started clocking in closer to her shift start and end times than she had in October 2022 and November 2022. However, <u>on only a single day</u>—December 22, 2022—did Plaintiff clock in within 7 minutes before the start of her shift time and clock out within 7 minutes after her shift end time. *See* Ex. A to Castilla Decl; Ex. 1 to Billok Decl. Likewise, on only three other days did Plaintiff both clock in and out within 7 minutes of the start of her shift and the end of her shift—December 12, 15 and 16, 2022—but while Plaintiff clocked in a few minutes early on those dates, she <u>left a few minutes early</u>, to her benefit. *See id.* **On every other date, Plaintiff either clocked in early to round to an earlier clock-in time than her shift start time of 7:30 a.m., clocked out late to round to a later clock-out time than her shift end time of 4:00 p.m., or both.** *See id.*

11

Thus, Plaintiff's allegations in the Second Amended Complaint that starting in October 2022, she regularly, routinely, or with any frequency worked off-the-clock before shift but only punched in 6 or 7 minutes early before her scheduled shift, and worked off-the-clock after shift but only punched out 6 or 7 minutes late, are flat-out impossible based on her time records. *See id.*

Accordingly, when Plaintiff's time records are considered, it is clear that Plaintiff cannot state a *prima facie* claim regarding pre- or post-shift work, or improper rounding under the FLSA and NYLL, and thus, these claims in Plaintiff's Second Amended Complaint should be dismissed.

## CONCLUSION

Plaintiff has failed to plead the requisite facts to plead a prima facie claim under the FLSA and NYLL. Not only that, but Plaintiff has already twice amended her Complaint and has not cured the issues that make her claims defective and unable to withstand a motion to dismiss. For these reasons, Defendant respectfully requests that the Court dismiss Plaintiff's pre- and post-shift work and rounding policy claims asserted in the Second Amended Complaint with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: October 15, 2024                                         BOND, SCHOENECK & KING, PLLC

By: _____
    Michael D. Billok
    Bar Roll No. 516448
    Eric M. O'Bryan
    Bar Roll No. 700745
*Attorneys for Defendant*
Bond, Schoeneck & King, PLLC
268 Broadway, Suite 104
Saratoga Springs, New York 12866
Telephone: (518) 533-3236
Facsimile: (518) 533-3299
Email: mbillok@bsk.com